FARMER, J.
Immediately before trial was to begin, defendant decided to enter a plea in exchange for the state’s offer of 5-year concurrent sentences on all charges.[1] The state also agreed to a 2-week “furlough” to arrange his affairs before the surrender date to begin serving his sentence. The parties agreed that the sentence imposed on the day of the plea would be the statutory maximum sentence for each charge, but if defendant complied with terms of the agreement the sentences would be reduced to the agreed 5-years concurrent on all charges. The state erroneously advised the sentencing judge that the maximum sentence was 35 years as a habitual felony offender, when in fact the true maximum sentence was 10 years. As the parties were discussing their understanding in the presence of the trial judge, the following exchange took place:
STATE: If you get arrested in the meantime or if you don’t show up for any reason, then the five years, there’s no deal for five years. You have to show up that day. Do you understand that?
DEF’T: Yes.
The agreement specified that defendant would appear and surrender on a designated date in the courtroom.
Just a week before he was scheduled to surrender, defendant was arrested for delivery of cocaine within 1,000 feet of a church. He was released on bail and appeared in the designated courtroom on the agreed day. A day later the sentencing judge conducted a hearing to determine if the sentence should be mitigated or reduced as provided in the plea bargain.
At the mitigation hearing the state argued that defendant had violated the bargain by his arrest and the new charge. The court observed that the file did not reflect the provision regarding an arrest for new charges during the furlough. In response to the court’s question, the state pointed out that the arrest provision was stated in the plea transcript, and that both the prosecutor and the plea judge had specifically mentioned the condition regarding an arrest. Defense counsel, Ira W. Still, agreed, saying “As an officer of the court, I would have to say that was said, Judge.”[2] It is true, however, as defendant argues on appeal, that aside from these statements, the actual transcript contains no other mention of the arrest provision. Indeed when the formal moment of acceptance of the plea and imposition of sentence occurred, the trial judge repeatedly stated only the provision regarding the surrender date and did not mention the agreed stipulation as to an arrest for new charges.
Nonetheless, we agree that there was no error in refusing to mitigate the sentence *797 to the agreed level if defendant had fully performed his part of the bargain. Surely defendant could not reasonably have harbored a belief that an arrest for new charges would not be enforceable merely because the plea judge chose to emphasize the critical stipulation that prompted the plea bargain in the first place — that defendant would timely surrender on the specified day and at the designated place. The whole purpose of the plea from defendant’s perspective was to give him a two-week furlough to arrange his affairs before beginning a substantial prison term. It strikes us as unlikely that such a grace by the state, the furlough requested by defendant, could be used without effect to commit new crimes.
The trial judge found that the plea bargain was that the maximum sentence would be mitigated to a 5-year concurrent sentence only if defendant complied with the conditions of the plea agreement. One specific condition was that he not be arrested during the furlough. He further found that defendant had violated the agreement by his arrest. The record supports the trial court’s findings.[3]
AFFIRMED.
STEVENSON and GROSS, JJ., concur.

. The charges were two counts of battery on a law enforcement officer, resisting arrest with violence, and depriving an officer of radio.

. We commend counsel for his candor.

. The state conceded that the parties had incorrectly advised the court at the plea hearing as to the maximum sentence, and that the correct maximum was 10 years and not 35 years. The court therefore corrected the maximum sentence to 10 years in the affected cases.